CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 30 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ROBERT HILLIARD,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 5:04CV00102<br><br>**MEMORANDUM OPINION**<br><br>By:  Honorable Glen E. Conrad<br>      United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to §205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Robert E. Hilliard, was born on November 26, 1971 and eventually completed the requirements for a high school degree. Mr. Hilliard has been employed as a farm laborer, cashier, factory worker, mason, and canine enforcement officer with the United States Customs Service. He last worked on a regular and sustained basis in 1999. On May 15, 2002, plaintiff filed an application for a period of disability and disability insurance benefits. Mr. Hilliard alleged that

he became disabled for all forms of substantial gainful employment on April 29, 1998 because of injuries to the lower back affecting the use of both arms and both legs. Plaintiff now maintains that he has remained disabled to the present time. The record reveals that Mr. Hilliard met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, generally, 42 U.S.C. §§ 414 and 423.

Mr. Hilliard's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 6, 2004, the Law Judge also ruled that plaintiff is not disabled. The Law Judge found that Mr. Hilliard suffers from a low back injury and residuals of back surgery. Because of the musculoskeletal problems, the Law Judge found that plaintiff is disabled for his past relevant work roles. The Law Judge found that Mr. Hilliard retains sufficient functional capacity for certain light work roles. The Law Judge assessed plaintiff's residual functional capacity as follows:

> The claimant has the following residual functional capacity: lift and carry 20 pounds occasionally and 10 pounds frequently; is able to stand and walk for 6 out of 8 hours and sit for up to 8 hours a day, but requires a sit/stand option; and requires work of an unskilled nature. He thus has the residual functional capacity for work at the light exertional level with restrictions. (TR 18).

Given such a residual functional capacity, and after considering Mr. Hilliard's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that plaintiff retains sufficient functional capacity for several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Hilliard is not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See, generally, 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final

2

decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Hilliard has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Mr. Hilliard underwent back surgery in 1994 and again in 1999. Since that time, he has continued to experience severe and disabling back pain. While objective studies performed at the University of Virginia have revealed no problems requiring surgical intervention, his treating orthopedic surgeon at the University of Virginia Medical Center has determined that plaintiff is totally disabled for all forms of work. A consultative physician, who examined Mr. Hilliard at the behest of the State Disability Agency, also produced findings which indicate disability for all regular and sustained work activity. No doctor who has actually examined Mr. Hilliard has opined that he is capable of performing work activity on a regular basis. The court must conclude that the Commissioner's decision to the contrary is not supported by substantial evidence, and that plaintiff has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

The medical record indicates that Mr. Hilliard underwent back surgery in 1994. While he returned to work, he once again injured his back in a work-related accident in 1998. He eventually underwent a second back surgery in 1999 for fusion of the affected discs. Thereafter, Mr. Hilliard undertook intensive rehabilitation. In a consultative medical report dated September 19, 2002, Dr. F. A. Irani, an internist, summarized plaintiff's medical status as follows:

> This 30-year-old pleasant male apparently injured his back in 1995 and was found to have herniated disc for which he had discectomy. He improved and was symptom free until 1998, while training a dog, he hurt his back again and ended up with apparently severe pain. He did not improve with conservative therapy and ended up having fusion of the spine in February of 1999. He has not improved and he continues to have pain, has marked limitation of movement of the lumbar spine, pain is more when he coughs. He is limited in his activity. He claims he can walk only 100 yards, stand for 15 minutes, sits for 15 minutes, and lift 5 to 10 pounds. He walks with a cane on the left side because weight on the right leg makes the pain worse. (TR 174).

Mr. Hilliard has received regular medical care from Dr. David Switzer, a family practitioner who has treated Mr. Hilliard's chronic back syndrome as well as a variety of other problems. Dr. Switzer has prescribed narcotic medication for relief of back pain. Dr. Switzer also referred Mr. Hilliard to the University of Virginia Medical Center for orthopedic evaluation. Dr. Donald P. K. Chan, Head of the Division of Spinal Surgery, supervised the orthopedic work-up at the University of Virginia. Following a rigorous series of medical tests, including a lumbar myelogram and CT myelogram, Dr. Chan concluded as follows:

> He came in for flexion extension x-rays s/p fusion and there is no question that on flexion/extension, there is absolutely no motion at L3-4 and L4-5. The anterior fusion was performed by Dr. Heib but he is still adamant about the severe pain he has with prolonged sitting.
>
> We did a myelogram a few months ago and there is no evidence of herniated disc and all the nerve roots are visible. Clinically, he does not have any reflex abnormality. His pain is just a chronic pain in the low back.

4

I told him that there is nothing I can do to help him. He needs to go to Pain Management because of his chronic pain syndrome. I feel that his current continued disability is directly related to the injury at work. I think he is in a chronic pain situation and needs to be managed by a pain management center. There is no surgery that I can think of that would help him. Currently, I consider him disabled from any kind of work until he is evaluated and has gone through a treatment program with Pain Management. (TR 188).

In the months following Dr. Chan's work-up, Dr. Switzer continued to provide regular medical maintenance. Dr. Switzer referred Mr. Hilliard for nerve block therapy in an attempt to relieve his chronic back pain. More recently, Dr. Switzer has offered the following diagnosis: thoracic spondylosis - facet arthralgia; lumbar postlaminectomy syndrome; lumbar spondylosis - facet arthralgia; and lumbosacral radiculopathy. (TR 242)

The State Disability Agency referred Mr. Hilliard for a second consultative evaluation. Dr. Chris Newell submitted a medical consultant report following examination on July 1, 2003. Dr. Newell summarized Mr. Hilliard's medical history as follows:

> The claimant is a 31-year-old male with a longstanding history of low back pain. He first injured his back on a job in 1998. At that time, he was working as a US customs K9 enforcement officer when a dog pulled him backwards injuring his low back. He underwent his first surgery in either 1994 or 1995 on the L4-L5 discs. He subsequently had an L4-L5 fusion in 1999. Presently, he reports a continuous dull ache in the low back with occasional sharp pain. He describes numbness and tingling radiating down to the right heel on the foot. Recently, he has begun to develop pain in the middle of his back and up into the neck. He does have numbness and tingling along with a burning pain radiating down the left arm and the ulnar nerve distribution. Aggravating factors include bending, lifting, twisting and reaching. He states the pain is better with ice or heat. When the pain is at its worse [sic], he rates it at 9/10 and on average a 7/10. Presently, he is taking methadone 40 mg three times daily. (TR 210-11).

Dr. Newell noted clinical findings as follows:

> Examination of the neck reveals some midline tenderness along with some paravertebral muscle spasms. Examination of the thoracic spine reveals some swelling and paravertebral muscle spasms noted. There is a positive straight leg raise

on the right side. There is slight decreased sensation of light touch and pinprick in the left ulnar nerve distribution and over the right heel and foot. (TR 212).

The consultant diagnosed chronic neck and back pain on the basis of degenerative disc disease; benign prostatic hypertrophy; and depression. Dr. Newell offered the following assessment as to plaintiff's capacity for work:

> The number of hours that the claimant could stand and walk in an eight-hour workday is less than two hours. The number of hours that the claimant could sit in an eight-hour workday is about two hours. The amount of weight that the claimant could lift/carry on a frequent basis is about 5 pounds and on occasional basis is 10 pounds. The claimant should avoid bending, stooping and crouching. The claimant should be able to reach, handle, feel, grasp and finger occasionally but not frequently. There are no visual or communicative limitations. (TR 212-13).

The Administrative Law Judge rejected Dr. Chan's opinion as inconsistent with the specialist's own objective testing, and the Law Judge rejected Dr. Newell's findings because the doctor had only seen plaintiff on only a single occasion. (TR 14-15). The court believes that the Law Judge's assessment is simply not supported by substantial evidence. At the time, Dr. Chan was the Chief of Spinal Surgery at the University of Virginia Medical Center. Presumably, such a specialist is able to determine whether a patient is suffering from disabling post-surgical manifestations. Presumably, such a specialist is better placed to make such an evaluation than the Administrative Law Judge. As for Dr. Newell, the court must question why patients are referred for consultative evaluations if the consultant's report is to be rejected because it is based on only a single examination. In passing, the court notes that Dr. Irani, another consultant, also produced positive clinical findings, as did Dr. Switzer, who has treated plaintiff's back pain over a period of many months. The court finds that the Commissioner's final decision in this case is not supported by the medical record.

6

Clearly, the reports of Dr. Chan and Dr. Newell indicate that Mr. Hilliard is totally disabled. The court also notes that such medical opinions are consistent with the clinical findings of all of the physicians who have personally examined the plaintiff. No doctor has questioned Mr. Hilliard's stated desire to return to work. No doctor has suggested that plaintiff's symptoms are exaggerated. No doctor has found that plaintiff's chronic pain syndrome is in some way inconsistent with his surgical history. Moreover, the court notes that the finding of disability is totally consistent with all of the circumstances of this case. Following his second surgical procedure, Mr. Hilliard underwent prolonged, inconvenient, and difficult rehabilitation with a physical therapist. Plaintiff has submitted to invasive and uncomfortable medical procedures in an attempt to identify some treatable cause for his pain. He has taken narcotic pain killers, and undergone spinal injection therapy in an attempt to control his symptoms. There is simply no indication that Mr. Hilliard is a malingerer, or that he has overstated his symptoms in an attempt to reap some secondary benefit. The medical record supports plaintiff's claim that he suffers from disabling back pain. The medical record also supports the finding that plaintiff's chronic pain syndrome is consistent with his surgical history. See Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). The court concludes that Mr. Hilliard has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

The only remaining question concerns the date of disability onset. As previously noted, Mr. Hilliard was able to engage in fairly rigorous physical rehabilitative efforts following the second surgical procedure. It was not until many months later that plaintiff began complaining of pain in the chest and thoracic spine. (TR 186). Finally, it was not until July, 2003 that plaintiff's functional restrictions were first documented. (TR 12). Considering all of these circumstances, the court concludes that Mr. Hilliard has met the burden of proof in establishing that he became disabled for

all forms of substantial gainful employment on June 20, 2002, based on the onset of upper back and chest pain.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff met the burden of proof as prescribed by and pursuant to the Act in establishing disability for all forms of substantial gainful employment, judgment will be entered in favor of the plaintiff. The matter will be recommitted to the Commissioner for a determination and award of appropriate benefits. An order and judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 29th day of September, 2005.

_____
United States District Judge